12 CV 3712

RECEIVED
MAY 09 2012
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
KAFELE WALKER, on behalf of himself and :
on behalf of all other similarly-situated persons, :
: Civil Action No.
Plaintiff, :
: **COMPLAINT**
v. :
: <u>**Jury Trial Demanded**</u>
VLC NOLITA LLC, VLC UNION SQUARE LLC, :
VLC UPPER WEST LLC, VLC WEST VILLAGE :
LLC, ANDRES MIER Y TERAN, ALFRED MIER :
Y TERAN and CARLOS MIER Y TERAN, :
:
Defendants. :
:
------------------------------------------------------------- x

     Kafele Walker ("Plaintiff"), by and through his counsel, Thompson Wigdor LLP, as and

for his Complaint in this action against Defendants VLC Nolita LLC, VLC Union Square LLC,

VLC Upper West LLC, VLC West Village LLC, Andres Mier y Teran, Alfred Mier y Teran and

Carlos Mier y Teran (collectively "Defendants"), on behalf of himself and on behalf of all other

similarly-situated persons, hereby alleges as follows:

<u>**NATURE OF THE CLAIMS**</u>

    1.    Plaintiff brings this action to recover: (a) overtime and minimum wage

compensation which Defendants failed to pay in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §201 *et seq.*, and the New York Labor Law ("NYLL"), §650 *et seq.*; and

(b) straight-time wages which Defendants failed to pay in violation of NYLL §191.

    2.    Plaintiff's claims under the FLSA are brought as a collective action, pursuant to

29 U.S.C. §216(b), on behalf of himself and on behalf of all other similarly-situated persons who

were/are employed by Defendants in New York, New York as "Crepe Makers" and/or in similar

positions who were/are not paid the prevailing minimum wage for all hours worked and overtime

1

at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of May 9, 2009 to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiff and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

3.      The FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice of not paying the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

4.      Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in New York, New York as "Crepe Makers" and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, and straight-time wages for all hours worked for the period of May 9, 2006 to the date of the final disposition of this action (the "New York Class Period"). Plaintiff and all other such similarly-situated persons are jointly referred to herein as the "New York Class."

5.      The New York Class are similarly situated because they were all subject to Defendants' common policy and/or practice of not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half time their regular rate of pay for all hours worked in excess of 40 hours per workweek, and straight-time wages for all hours worked during the New York Class Period.

**JURISDICTION AND VENUE**

6.      Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.  Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

7.      Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because Defendants reside in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

**PARTIES**

8.      Plaintiff Kafele Walker is a resident of Queens, New York and has been employed by Defendants since approximately February 2012.  At all relevant times, he was an "employee" within the meaning of all applicable statutes.

9.      Defendants Andres Mier y Teran, Alfred Mier y Teran and Carlos Mier y Teran (collectively, the "Individual Defendants") are brothers and members in Defendants VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, VLC West Village LLC (collectively, the "Corporate Defendants").  The Individual Defendants control the operations of the Corporate Defendants and determine the policies and practices of the Corporate Defendants including, but not limited to, how employees are compensated.  Upon information and belief, Defendant Andres Mier y Teran is a resident of New York, New York.  Upon information and belief Defendants Alfred Mier y Teran and Carlos Mier y Teran are residents of Mexico City, Mexico.

10.      Defendant VLC Nolita LLC ("Defendant Nolita") is a New York limited liability company with a principal place of business at 51 Spring Street, New York, New York.

11.     Defendant VLC Union Square LLC ("Defendant Union Square") is a New York limited liability company with a principal place of business at 114 University Place, New York, New York.

12.     Defendant VLC Upper West LLC ("Defendant Upper West") is a New York limited liability company with a principal place of business at 189 Columbus Avenue, New York, New York.

13.     Defendant VLC West Village LLC ("Defendant West Village") is a New York limited liability company with a principal place of business at 300 Bleecker Street, New York, New York.

14.     At all relevant times, the Corporate Defendants were an "employer" within the meaning of all applicable statutes and, an enterprise engaged in commerce, as defined by §203(r) and (s) of the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

15.     At all relevant times, the Corporate Defendants were run as a single business enterprise for the purpose of selling food, namely crepes, to the public, and jointly employed Plaintiff, the FLSA Collective and the New York Class.

16.     Defendants were joint employers of Plaintiff, the FLSA Collective and the New York Class.

**FACTUAL ALLEGATIONS**

17.     Defendants own and operate four restaurants in New York, New York, all named "Vive La Crepe", which primarily serve crepes to the public.  The restaurants are located at: (a) 51 Spring Street; (b) 114 University Place; (c) 189 Columbus Avenue; and (d) 300 Bleecker Street.

18.     The Corporate Defendants: (a) regularly share and/or interchange employees;  (b) operate the same website (www.vivelacrepe.fr); (c) have the same menu and prices; (d) share one Facebook.com page; (e) share one Twitter.com handle/moniker; (f) utilize the same employment application form; (g) are all overseen by the same general manager (Marco Shalma); (h) have the same logo; (i) do not autonomously schedule employees; and (j) compensate employees at the same hourly rate across all locations.

19.     Since approximately February 2012, Mr. Walker has been employed by Defendants as a Crepe Maker in New York, New York.

20.     The primary job duty of a Crepe Maker is to make crepes for the public.

21.     Crepe Makers are not assigned to work exclusively at only one of Defendants' four restaurants.  Rather, Crepe Makers are assigned to work at multiple "Vive La Crepe" locations.  Defendants assigned Mr. Walker to work as a Crepe Maker at several of their restaurants.

22.     Crepe Makers are paid on an hourly basis.  As a Crepe Maker, Defendants paid Mr. Walker an hourly wage of $8.75.

23.     Prior to the start of each workweek, Defendants regularly schedule Crepe Makers to work at multiple locations between five to seven days each workweek.  Defendants regularly scheduled Mr. Walker to work at several of their restaurants between five to seven days each workweek.

24.     During the course of the workweek, in addition to working on days they are scheduled to work, Defendants routinely direct their Crepe Makers to work on days they were not originally scheduled to work.  Mr. Walker regularly works on days he is not originally scheduled to work at Defendants' direction.

25.     During the course of the workweek, Defendants regularly schedule and/or knowingly permit Crepe Makers to work at their restaurants in excess of 40 hours per workweek. Crepe Makers regularly work approximately 45-65 hours per workweek at Defendants' restaurants.   Mr. Walker regularly works approximately 45-50 hours per workweek at Defendants' restaurants.

26.     However, Defendants do not pay Crepe Makers overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek because, among other things, Defendants do not aggregate the total number of hours worked by Crepe Makers at all of their restaurant locations during each workweek for purposes of overtime compensation.  Defendants do not pay Mr. Walker overtime at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per workweek at Defendants' restaurants.  In fact, Marco Shalma admitted to Mr. Walker that Defendants do not pay overtime.

27.     Defendants also do not pay Crepe Makers the prevailing minimum wage for all hours worked at all of their restaurant locations during each workweek.  Rather, they only pay Crepe Makers the prevailing minimum wage for some of the hours they worked each workweek. Defendants do not pay Mr. Walker the prevailing minimum wage for all hours he works at Defendants' restaurants each workweek.

28.     Defendants also do not pay Crepe Makers their straight-time wages for all hours worked at all of their restaurant locations during each workweek.  Rather, they only pay Crepe Makers their straight-time wages for some of the hours they worked each workweek. Defendants do not pay Mr. Walker his straight-time wage for all hours he works at Defendants' restaurants each workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings his FLSA claims as a collective action pursuant to the FLSA on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in New York, New York as Crepe Makers and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half time their regular rate for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

30.     The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiff, and the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

31.     The FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

32.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

33.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §206 by not paying the FLSA Collective and Plaintiff the prevailing minimum wage for all hours worked.

34.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiff overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

35.    Defendants' violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

36.    As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wage and overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

37.    While the exact number of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are at least fifty other similarly-situated persons who were/are employed by Defendants in New York, New York as Crepe Makers and/or in similar positions during the FLSA Collective Period.

38.    Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in New York, New York as Crepe Makers and/or in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

39.    Plaintiff bring his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in New York, New York as Crepe Makers and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked, overtime at

a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek, and straight-time wages for all hours worked during the New York Class Period.

40.    The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiff, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

41.    The New York Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, and straight-time wages for all hours worked.

42.    During the New York Class Period, Defendants were fully aware of the duties performed by Plaintiff and the New York Class, and that those duties were not exempt from the minimum wage and overtime provisions of the NYLL and/or its regulations.

43.    As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the New York Class and Plaintiff the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, and straight-time wages for all hours worked.

44.    Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the New York Class.

45.    As a result of Defendants' conduct, Defendants are liable to Plaintiff and the New York Class for the full amount of their unpaid minimum wage, overtime, and straight-time

wages, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the New York Class.

46.     Certification of the New York Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the New York Class.  Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him individually and on members of the New York Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the New York Class and Defendants.

47.     Plaintiff's claims raise questions of law and fact common to the New York Class. Among these questions are:

(a)     Whether Defendants failed to pay Plaintiff and the New York Class the prevailing minimum wage for all hours worked during the New York Class Period;

(b)     Whether Defendants failed to pay Plaintiff and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

(c)     Whether Defendants failed to pay Plaintiff and the New York Class straight-time wages for all hours worked during the New York Class Period;

(d)     Whether Defendants' failure to pay the prevailing minimum wage to Plaintiff and the New York Class constitutes a violation of NYLL §650 *et seq.*;

(e)     Whether Defendants' failure to pay overtime to Plaintiff and the New York Class constitutes a violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R §142.2-2;

(f)     Whether Defendants' failure to pay Plaintiff and the New York Class straight-time wages constitutes a violation of NYLL §191; and

(g)     Whether Defendants' violations of the NYLL and/or its regulations were willful.

48.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

49.     Plaintiff is a member of the New York Class that he seeks to represent. Plaintiff's claims are typical of the claims of the New York Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

50.     Plaintiff's interests are co-extensive with those of the New York Class that they seek to represent in this case. Plaintiff is willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

51.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

52.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the New York Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

53.     The common issues of fact and law affecting Plaintiff's claims and those of the New York Class members, including the common issues identified above, predominate over any

issues affecting only individual claims.

54.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the New York Class.  There will be no difficulty in the management of this action as a class action.

55.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the New York Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

56.     The New York Class is so numerous that joinder of all members is impracticable. While the exact number of the New York Class is unknown to Plaintiff at the present time, upon information and belief, there are at least fifty other similarly-situated persons who were/are employed by Defendants in New York, New York as Crepe Makers and/or in similar positions during the New York Class Period.

57.     Plaintiff is currently unaware of the identities of the New York Class. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in New York, New York as Crepe Makers and/or in similar positions during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the New York Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime in Violation of 29 U.S.C. §207)

58.     Plaintiff, on behalf of himself and the FLSA Collective, hereby realleges and incorporates by reference paragraphs 1 through 57 as though they were fully set forth herein.

59.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

60.     During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective worked anywhere between 45-65 hours per workweek at Defendants' restaurants. However, Defendants did not pay them overtime for each hour worked in excess of 40 hours per workweek because Defendants intentionally did not combine the total number of hours worked by Plaintiff and the FLSA Collective at their restaurants each workweek for overtime purposes.

61.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, Defendants violated the FLSA.

62.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

63.     Defendants' violations of the FLSA has significantly damaged Plaintiff and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage in Violation of 29 U.S.C. §206)

64.     Plaintiff, on behalf of himself and the FLSA Collective, hereby realleges and incorporates by reference paragraphs 1 through 63 as though they were fully set forth herein.

65.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

66.     During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked at Defendants' restaurants. Rather, Defendants intentionally paid Plaintiff and the FLSA Collective the prevailing minimum wage for only some of the hours they worked at Defendants' restaurants.

67.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

68.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

69.     Defendants' violations of the FLSA has significantly damaged Plaintiff and the FLSA Collective and entitles them to recover the total amount of their unpaid minimum wage, an additional equal amount in liquidated damages, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(Failure to Pay Overtime in Violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R. §142-2.2)**

70.     Plaintiff, on behalf of himself and the New York Class, hereby realleges and incorporates by reference paragraphs 1 through 69 as though they were fully set forth herein.

71.     The NYLL and 12 N.Y.C.R.R. §142-2.2 require a covered employer, such as Defendants, to pay employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in the FLSA.  Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

72.     During the New York Class Period, Defendants knew that Plaintiff and the New York Class worked anywhere between 45-65 hours per workweek at Defendants' restaurants. However, Defendants intentionally did not pay them overtime for each hour worked in excess of 40 hours per workweek because Defendants did not combine the total number of hours worked by Plaintiff and the New York Class at their restaurants each workweek for overtime purposes.

73.     As a result of Defendants' failure to pay Plaintiff and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, Defendants violated the NYLL and 12 N.Y.C.R.R. §142-2.2.

74.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

75.     Defendants' violations of the NYLL and/or its regulations has significantly damaged Plaintiff and the New York Class and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage in Violation of NYLL §650 *et seq.*)

76.     Plaintiff, on behalf of himself and the New York Class, hereby realleges and incorporates by reference paragraphs 1 through 75 as though they were fully set forth herein.

77.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

78.     During the New York Class Period, Defendants did not pay Plaintiff and the New York Class the prevailing minimum wage for all hours worked at Defendants' restaurants.

Rather, Defendants intentionally paid Plaintiff and the New York Class the prevailing minimum wage for only some of the hours they worked at Defendants' restaurants.

79.    As a result of Defendants' failure to pay Plaintiff and the New York Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

80.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

81.    Defendants' violations of the NYLL has significantly damaged Plaintiff and the New York Class and entitles them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Pay Wages for All Hours Worked in Violation of NYLL §191)

82.    Plaintiff, on behalf of himself and the New York Class, hereby realleges and incorporates by reference paragraphs 1 through 81 as though they were fully set forth herein.

83.    The NYLL requires covered employers, such as Defendants, to pay employees for all hours worked.  Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them for all hours worked under the NYLL.

84.    During the New York Class Period, Defendants did not pay Plaintiff and the New York Class their straight-time wage for all hours worked at Defendants' restaurants.  Rather, Defendants intentionally paid Plaintiff and the New York Class their straight-time wages for only some of the hours they worked at Defendants' restaurants.

85.    As a result of Defendants' failure to pay Plaintiff and the New York Class their straight-time wages for all hours worked, Defendants violated the NYLL.

86.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

87.    Defendants' violations of the NYLL has significantly damaged Plaintiff and the New York Class and entitles them to recover the total amount of their unpaid straight-time wages, an additional amount in liquidated damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective and the New York Class, respectfully requests that this Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in New York, New York as Crepe Makers and/or in similar positions during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.    Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.    Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.    Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in New York, New York as Crepe Makers and/or in similar positions during the

New York Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F. Designate Plaintiff as a representative of his respective class, and his counsel of record as class counsel;

G. Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiff and the New York Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H. Award Plaintiff and the New York Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I. Award Plaintiff, the FLSA Collective and the New York Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J. Grant Plaintiff, the FLSA Collective and the New York Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of all other similarly-situated persons, hereby

demands a trial by jury on all issues of fact and damages.

Dated: May 9, 2012
New York, New York

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
Douglas H. Wigdor
Shaffin A. Datoo
Tanvir H. Rahman

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
sdatoo@thompsonwigdor.com
trahman@thompsonwigdor.com

Attorneys for Plaintiff

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

KAFELE WALKER, on behalf of himself and
on behalf of all other similarly-situated persons,

                       Plaintiff,

        v.

VLC NOLITA LLC, VLC UNION SQUARE LLC,
VLC UPPER WEST LLC, VLC WEST VILLAGE
LLC, ANDRES MIER Y TERAN, ALFRED MIER
Y TERAN and CARLOS MIER Y TERAN,

                  Defendants.

------------------------------------------------------------- x

Civil Action No.

**NOTICE OF CONSENT**

    I hereby consent to join as a party plaintiff in the above-captioned matter seeking damages and other relief that may be appropriate against aforementioned Defendants for their alleged violations of the Fair Labor Standards Act.  I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Name:       Kafele Walker

Address:    216-05 113th Drive, Queens Village, New York 11429

Telephone:  (941) 623-7632

Signature:

Date:       May 4, 2012