UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Kafele Walker, on behalf of himself and on behalf  :
of all other similarly situated person,            :
                            Plaintiff,  :  12-CV-03712 (RJS)
                                                                                 :
                v.                                            :
                                                                                 :  ANSWER AND AFFIRMATIVE AND
VLC Nolita LLC, VLC Union Square, LLC, VLC         :  OTHER DEFENSES
Upper West LLC, VLC West Village LLC, Andres       :
Mier Y Teran, Alfred Mier Y Teran, and Carlos      :
Mier Y. Teran,                                     :
                            Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendants, VLC Nolita LLC, VLC Union Square, LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, and Carlos Mier Y. Teran (together, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and for their answer and other defenses to Plaintiff's Complaint, states as follows:

## NATURE OF THE CLAIMS

       1.     Paragraph 1 of the Complaint contains a summary of this action, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants further deny that they acted unlawfully toward Plaintiff and deny that they are liable for the claims alleged.

## PARTIES

       2.     To the extent that the allegations in paragraph 2 of the Complaint call for legal conclusions, no response is required. Defendants deny that they acted unlawfully toward Plaintiff and deny that they are liable for the claims alleged.

3. To the extent that the allegations in paragraph 3 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. To the extent that the allegations in paragraph 4 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. To the extent that the allegations in paragraph 5 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants admit that this Court has original jurisdiction over Plaintiff's federal claims, and that it may elect in its discretion to exercise supplemental jurisdiction over Plaintiff's state law claims.

7. Defendants admits that venue is proper in this District and denies the remaining allegations in paragraph 7 of the Complaint.

## PARTIES

8. Defendants admit that Plaintiff was employed for the time periods referenced and deny the remaining allegations in paragraph 8 of the Complaint.

9. To the extent that the allegations in paragraph 9 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. To the extent that the allegations in paragraph 15 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16. To the extent that the allegations in paragraph 16 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

## FACTUAL ALLEGATIONS

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants admit the allegations in paragraph 18 of the Complaint, except deny that the Corporate Defendants "do not autonomously schedule employees," as that phrase is undefined, and further deny that employees are compensated at the same hourly rate "across all locations."

19. Defendants admit that Plaintiff was employed for the time periods referenced and deny the remaining allegations in paragraph 19 of the Complaint.

20. Defendants admit the allegations in paragraph 20 of the Complaint.

21. Defendants admit that Plaintiff and some employees worked at more than one location from time to time.

22. Defendants admit the allegations in paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff and some employees worked at more than one location from time to time.

...

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Paragraph 29 of the Complaint contains a summary of this action, as to which no response is required, but to the extent a response is deemed required, it is denied.  Defendants further deny that they acted unlawfully toward Plaintiff or any other employee and deny that they are liable for the claims alleged.

30. To the extent that the allegations in paragraph 30 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31. To the extent that the allegations in paragraph 31 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 31 of the Complaint.

32. To the extent that the allegations in paragraph 32 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 32 of the Complaint.

33. To the extent that the allegations in paragraph 33 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34. To the extent that the allegations in paragraph 34 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35. To the extent that the allegations in paragraph 35 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36. To the extent that the allegations in paragraph 36 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37. To the extent that the allegations in paragraph 37 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 38 of the Complaint and, therefore, leave Plaintiff to his proof. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

## RULE 23 CLASS ACTION ALLEGATIONS

39. Paragraph 39 of the Complaint contains a summary of this action, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants further deny that they acted unlawfully toward Plaintiff or any other employee and deny that they are liable for the claims alleged.

40. To the extent that the allegations in paragraph 40 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 40 of the Complaint.

41. To the extent that the allegations in paragraph 41 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42. To the extent that the allegations in paragraph 42 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 42 of the Complaint.

43. To the extent that the allegations in paragraph 43 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 43 of the Complaint.

44. To the extent that the allegations in paragraph 44 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45. To the extent that the allegations in paragraph 45 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46. To the extent that the allegations in paragraph 46 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47. To the extent that the allegations in paragraph 47 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48. To the extent that the allegations in paragraph 48 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49. To the extent that the allegations in paragraph 49 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 49 of the Complaint.

50. To the extent that the allegations in paragraph 50 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51. To the extent that the allegations in paragraph 51 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52. To the extent that the allegations in paragraph 52 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53. To the extent that the allegations in paragraph 53 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 53 of the Complaint.

54. To the extent that the allegations in paragraph 54 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 54 of the Complaint.

55. To the extent that the allegations in paragraph 55 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 55 of the Complaint.

56. To the extent that the allegations in paragraph 56 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 56 of the Complaint.

57. To the extent that the allegations in paragraph 57 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 57 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime in Violation of 29 U.S.C. § 207)

58. Defendants hereby incorporate their answers to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. To the extent that the allegations in paragraph 59 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60. To the extent that the allegations in paragraph 60 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61. To the extent that the allegations in paragraph 61 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 61 of the Complaint.

62. To the extent that the allegations in paragraph 62 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 62 of the Complaint.

63. To the extent that the allegations in paragraph 63 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 63 of the Complaint.

## SECOND CLAIM FOR RELIEF
(Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206)

64. Defendants hereby incorporate their answers to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. To the extent that the allegations in paragraph 65 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66. To the extent that the allegations in paragraph 66 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 66 of the Complaint.

67. To the extent that the allegations in paragraph 67 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 67 of the Complaint.

68. To the extent that the allegations in paragraph 68 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 68 of the Complaint.

69. To the extent that the allegations in paragraph 69 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 69 of the Complaint.

### THIRD CLAIM FOR RELIEF
**(Failure to Pay Overtime in Violation of NYLL § 650 *et seq*. and 12 N.Y.C.R.R. § 142-2.2)**

70. Defendants hereby incorporate their answers to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. To the extent that the allegations in paragraph 71 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 71 of the Complaint.

72. To the extent that the allegations in paragraph 72 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 72 of the Complaint.

73. To the extent that the allegations in paragraph 73 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 73 of the Complaint.

74. To the extent that the allegations in paragraph 74 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 74 of the Complaint.

75. To the extent that the allegations in paragraph 75 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 75 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage in Violation of NYLL § 650 *et seq*.)

76. Defendants hereby incorporate their answers to paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77. To the extent that the allegations in paragraph 77 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 77 of the Complaint.

78. To the extent that the allegations in paragraph 78 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 78 of the Complaint.

79. To the extent that the allegations in paragraph 79 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 79 of the Complaint.

80. To the extent that the allegations in paragraph 80 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 80 of the Complaint.

81. To the extent that the allegations in paragraph 81 of the Complaint call for legal conclusions, no response is required.  Defendants deny the remaining allegations in paragraph 81 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Failure to Pay Wage for All Hours Worked In Violation of NYLL § 191)

82. Defendants hereby incorporate their answers to paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. To the extent that the allegations in paragraph 83 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 83 of the Complaint.

84. To the extent that the allegations in paragraph 84 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 84 of the Complaint.

85. To the extent that the allegations in paragraph 85 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 85 of the Complaint.

86. To the extent that the allegations in paragraph 86 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 86 of the Complaint.

87. To the extent that the allegations in paragraph 87 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 87 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause on pages 17 and 18 of the Complaint or to any other relief.

## JURY DEMAND

With respect to Plaintiff's Jury Demand, Defendants admit that he seeks a trial by jury and state that he is entitled to a trial by jury to the extent that the laws under which he seeks to pursue his claims permit such trial by jury.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

## FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, claim preclusion, issue preclusion and waiver.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by operation of the Portal-to-Portal Act.

## FIFTH DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that their pay practices complied with the FLSA and the New York Labor Law.

### SIXTH DEFENSE

Plaintiff is barred from recovery of some or all of the damages sought because they are not authorized by the FLSA, the Constitution of the State of New York and/or the United States Constitution.

### SEVENTH DEFENSE

To the extent that Defendants are held liable for any unpaid overtime, such amounts should be calculated on a half-time basis pursuant to 29 C.F.R. § 778.114.

### EIGHTH DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under New York law and its regulations and the FLSA and its regulations.

### NINTH DEFENSE

Plaintiff is not entitled to some or all of the relief sought under the doctrine of consent.

### TENTH DEFENSE

Defendants stats, in the alternative if necessary, that if, in fact, they have failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

### ELEVENTH DEFENSE

If Plaintiff has sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment, statutory exclusions, exceptions, or credits to offset all obligations of the Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

### TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that there is/are currently other action(s) pending on the same claims.

**THIRTEENTH DEFENSE**

Defendants state, in the alternative if necessary, that even if they have in fact failed to pay individuals for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under New York law or the FLSA, and furthermore, such activities were neither an integral and indispensable part of Plaintiff's principal activities of employment nor suffered or permitted by Defendants for their primary benefit and are not compensable.

**FOURTEENTH DEFENSE**

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling approval, interpretation, and/or administrative practice or policy pursuant to New York law and/or the FLSA.

**FIFTEENTH DEFENSE**

Defendants state,  in the alternative if necessary, that their actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with New York law and the FLSA.

**SIXTEENTH DEFENSE**

Plaintiff's claims are preempted, in whole or in part.

**SEVENTEENTH DEFENSE**

Some or all of the requests for relief asserted in the Complaint are barred by the Constitution of the United States, the Constitution of the State of New York and/or the statutes or regulations under which Plaintiff's claims purportedly are asserted and the prosecution of such claims as a class action or collective action, under the facts and circumstances of this case, would be an unconstitutional denial of Defendants' right to due process.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he claims hours worked that he had an opportunity to report but failed to do so.

Defendants reserve the right to assert such additional defenses as may appear and prove applicable during the course of the litigation.

**WHEREFORE,** Defendants pray that the Court enter a judgment:

1. dismissing the Complaint with prejudice;

2. granting to Defendants their costs, including attorneys' fees, incurred in this action; and

3. granting to Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 18, 2012

Respectfully submitted,

SEYFARTH SHAW LLP

By _____s/_____
     Jeremi L. Chylinski

620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Defendants*

16

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2012, I caused to be served a true and correct copy of the foregoing Answer And Affirmative And Other Defenses via ECF on the following counsel for Plaintiff:

>Shaffin A. Datoo
>Thompson Wigdor LLP
>85 Fifth Avenue
>New York, NY 10003
>(212) 257-6800
>*Attorney for Plaintiffs*

                                                                                                                                                                                                                                                   /s/
                                                  Jeremi L. Chylinski