UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Kafele Walker, on behalf of himself and on behalf    :
of all other similarly situated person,    :

                      Plaintiff,    :          12-CV-03712 (RJS)

                          :

             v.    :

                          :

VLC Nolita LLC, VLC Union Square, LLC, VLC    :
Upper West LLC, VLC West Village LLC, Andres    :
Mier Y Teran, Alfred Mier Y Teran, and Carlos    :
Mier Y Teran,    :

                   Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Dated: New York, New York
       November 30, 2012

*Of Counsel*:
       Jeremi L. Chylinski

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ...........................................................................................1

II. FACTUAL BACKGROUND ...........................................................................................2

    A.     Vive Le Crepe ........................................................................................................2

    B.     Plaintiff's Employment ..........................................................................................3

    C.     Plaintiff's Claims Are Not Supported By The Evidence .........................................3

    D.     Crepe Makers Are Paid For All Hours Worked......................................................6

III. ARGUMENT .................................................................................................................7

    A.     Applicable Standard ...............................................................................................7

    B.     Conditional Certification Is Inappropriate .............................................................8

          1.     Conclusory Allegations And Anecdotal Hearsay Are Insufficient Evidence Of A Common Unlawful Policy ..................................................8

          2.     Plaintiff Fails to Establish That He Is Similarly Situated To The Putative Class Members He Seeks to Represent........................................9

          3.     The Putative Class of Crepe Makers Rarely Worked More Than 40 Hours In Any Work Week ........................................................................11

                a.     Any Unpaid Time Was De Minimis. ........................................... 12

          4.     There Is No Evidence That The Putative Class Is Likely To Assert Similar Claims .....................................................................................12

          5.     Plaintiff's State Claims Fundamentally Complicate This Action.............13

    C.     If Notice Issues, The Parties Should Negotiate The Language ............................14

IV. CONCLUSION................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

<small>CASES</small>

*Barfield v. New York City Health & Hosp. Corp.*,
  No. CV 05-6319, 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005), *aff'd*, 537 F.3d 132
  (2d Cir. 2008) ......................................................................................................................8

*Barron v. Henry County Sch. Sys.*,
  242 F. Supp. 2d 1096 (M.D. Ala. 2003) ...........................................................................10

*Camper v. Home Quality Mgmt. Inc.*,
  200 F.R.D. 516 (D. Md. 2000) ..........................................................................................13

*Diaz v. Electronic Boutique of America, Inc.*,
  No. 04-CV-0840E, 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 17, 2005) ..................9

*Dybach v. Florida Dep't of Corr.*,
  942 F.2d 1562 (11th Cir. 1991) ........................................................................................13

*Fengler v. Crouse Health Found., Inc.*,
  595 F. Supp. 2d 189 (N.D.N.Y. 2009) ..............................................................................15

*Forney v. TTX Co.*,
  No. CV. A. 05-C-6257, 2006 WL 1030194 (N.D. Ill. Apr. 17, 2006) ..............................10

*Gieseke v. First Horizon Home Loan Corp.*,
  No. 04-CV-2511 (CM), 2006 WL 2919076 (D. Kan. Oct. 11, 2006) ...............................14

*Harrison v. McDonald's Corp.*,
  411 F. Supp. 2d 862 (S.D. Ohio 2005) ...............................................................................9

*Heitmann v. City of Chicago*,
  No. 04-CV-3304, 2004 WL 1718420 (N.D. Ill. Jul. 30, 2004) .........................................14

*Hinterberger v. Catholic Health System*,
  No. 08-CV-380S, 2009 WL 3464134 (W.D.N.Y, Oct. 21, 2009.) .....................................15

*Hoffmann v. Sbarro, Inc.*,
  982 F. Supp. 249 (S.D.N.Y. 1997) ......................................................................................7

*Holt v. Rite Aid Corp.*,
  333 F. Supp. 2d 1265 (M.D. Ala. 2004) ...........................................................................10

*Horne v. United Servs. Auto Ass'n*,
  279 F. Supp. 2d 1231 (M.D. Ala. 2003) ...........................................................................13

*Jenkins v. TJX Cos.,*
   853 F. Supp. 2d 317 (E.D.N.Y. 2012) ...................................................................7

*Khan v. Airport Mgmt Servs., LLC,*
   No. 10-CV-7735, 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011) .........7

*Levinson v. Primedia Inc.,*
   No. 02-CV-2222 (CBM), 2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003) ...............8

*McElmurry v. US Bank Nat'l Ass'n,*
   No. 04-CV-642-HU, 2004 WL 1675925 (D. Or. July 27, 2004)............................10

*Mendoza v. Casa de Cambio Delgado,*
   No. 07-CV-2579(HB), 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. Apr. 7, 2008) ....................8

*Morisky v. Pub. Serv. Elec. & Gas Co.,*
   111 F. Supp. 2d 493 (D.N.J. 2000) ....................................................................11

*Myers v. Hertz Corp.,*
   624 F.3d 537 (2d Cir. 2010)..............................................................................7, 8

*Nakahata v. N.Y.-Presbyterian Healthcare Sys.,*
   2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) ........................................................11

*Pfaahler v. Consultants for Architects, Inc.,*
   No. 99-CV-6700, 2000 U.S. Dist. LEXIS 1772 (N.D. Ill. Feb. 11, 2000) ............10

*Pfohl v. Farmers Ins. Group,*
   No. 03-CV-3080 DT, 2004 U.S. Dist. LEXIS 6447 (C.D. Cal. Mar. 1, 2004)......................12

*Prizmic v. Armour, Inc.,*
   No. 05-CV-2503(DLI), 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006)..................8

*Raniere v. Citigroup Inc.,*
   No. 11-CV-2448 (RWS), 2011 U.S. Dist. LEXIS 135393 (S.D.N.Y. Nov. 22, 2011).............7

*Reich v. N.Y. City Transit Auth.,*
   45 F.3d 646 (2d Cir. 1995)..............................................................................11, 12

*Richards v. Computer Sci. Corp.,*
   No. 3-03-CV-00630, 2004 WL 2211691 (D. Conn. Sept. 28, 2004)........................9

*Romero v. H.B. Auto. Group, Inc.,*
   No. 11-CV-386 (CM), 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012)................7, 10

*Singh v. City of N.Y.,*
   524 F.3d 361 (2d Cir. 2008)................................................................................12

*Singh v. City of N.Y.,*
    418 F. Supp. 2d 39 (S.D.N.Y. 2005)...................................................................12

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011)...........................................................................13, 14

*Williams v. Accredited Home Lenders, Inc.,*
    No. 05-CV-1681, 2006 WL 2085312 (N.D. Ga. July 25, 2006) ............................9

**STATUTES**

29 U.S.C. § 216(b) ............................................................................. *passim*

29 U.S.C. § 254(a)(2)................................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ............................................................................13, 15

Fed. R. Civ. P. 23(a) ..............................................................................14

Fed. R. Civ. P. 23(a)(2)............................................................................13

Defendants VLC Nolita LLC, VLC Union Square, LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, Carlos Mier Y Teran, and Marco Shalma (together, "Defendants") respectfully submit this response in opposition to Plaintiff Kafele Walker's ("Plaintiff's") motion for conditional certification pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA").

## I.  PRELIMINARY STATEMENT

It is Plaintiff's burden on this Motion to demonstrate with competent evidence that he is "similarly situated" to other putative class members with respect to his overtime claims.  This he cannot do.  Rather, based on his own self-serving declaration and countless unsupportable allegations that Defendants failed to pay appropriate overtime, Plaintiff implausibly seeks an order directing that notice be issued to *all* current and former employees of Defendants who "worked as Crepe Makers and/or in similar positions . . . that are/were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek."  Plaintiff's motion fails for at least five (5) independent reasons.

First, Plaintiff has proffered no evidence of an actual common, unlawful policy -- to the contrary, Defendants have policies and procedures to pay Crepe Makers for all compensable hours worked and such policies are followed in practice.

Second, although Plaintiff's declaration purports to attest to the employment circumstances of other current and former Crepe Makers, that document makes clear that Plaintiff has no personal knowledge about the job experiences of other putative class members and that, in some circumstances, he has blatantly misrepresented the record evidence.

Third, contrary to his speculation, Plaintiff is not "similarly situated" to the persons he seeks to represent.  His overtime claims vary from those of the putative class members because

they depend on: (i) the amount of time each putative plaintiff allegedly worked without compensation; (ii) their personal subjective understanding of their timekeeping requirements; (iii) whether they, personally, complied with those requirements; (iv) the type of activity they supposedly were performing; and (v) the amount of time for which they were allegedly not compensated.  Such claims plainly demand an individualized analysis of each Crepe Maker's respective experiences, preclude Plaintiff from establishing that he is similarly situated to the putative class, and would necessarily devolve into an unmanageable series of mini-trials.

Fourth, insubstantial or insignificant periods of time beyond an employee's scheduled working hours that cannot be recorded for payroll purposes may be disregarded.  Thus, even assuming, *arguendo*, that Plaintiff or a putative class member worked time for which they were not compensated, that work was *de minimis*, not compensable under the FLSA, and not suitable for conditional treatment.

Fifth, there is no evidence to suggest that any members of the putative class are likely to assert similar claims.  In fact, Plaintiff's case has been pending for over six months -- since May 9, 2012 -- and, in that time, not one single person has opted in to the action despite Plaintiff's repeated efforts of calling current employees and asking them to join.

Accordingly, for each of these independent reasons and those set forth below, conditional certification is improper and Plaintiff's motion should be denied.

## II.  FACTUAL BACKGROUND

### A.    Vive Le Crepe

Vive Le Crepe operates three restaurants in New York City, all of which serve crepes and other food items to the public.  (Declaration of Marco Shalma ("Shalma Dec."), ¶¶ 1, 2.)  The restaurants are located at 51 Spring Street ("Spring Street"), 114 University Place ("University Place"), and 189 Columbus Avenue ("Columbus Avenue").  (Shalma Dec., ¶ 3.)  Spring Street

was opened in September 2009.  (Id. ¶ 4.)  University Place was opened in September 2010.  (Id. ¶ 5.)  Columbus Avenue was opened on December 12, 2011.[1]  (Id. ¶ 6.)  Each of these locations are separate legal entities with varying ownership structures.  (Id. ¶ 9.)

**B.     Plaintiff's Employment**

Plaintiff worked as a Crepe Maker for Vive Le Crepe from on or about February 25, 2012 through May 13, 2012, when he was terminated for violating company policy.  (Id. ¶¶ 11, 12.)  Specifically, Plaintiff was observed, without permission, opening sealed envelopes containing employee paychecks and viewing them in the manager's office of the Columbus Avenue location.  (Id. ¶ 13.)

Like all Crepe Makers, Plaintiff was paid every Friday for work performed during the previous week.  (Id. ¶  14.)  Defendants define a work week to include Monday through Sunday.  (Id.)

**C.     Plaintiff's Claims Are Not Supported By The Evidence**

Although Plaintiff seeks to conditionally certify a class of current and former Crepe Makers who were allegedly denied overtime compensation, there is no evidence that the putative class he seeks to represent worked time for which they were not compensated.  For example, Plaintiff attempts to bolster his motion by relying on the schedules and pay information for employees Rogelio Flores and Frederick Quimboa.  (Memorandum of Law In Support Of Plaintiff's Motion For Conditional Certification And Authorization To Send Notice Of This Action ("Pls. Mem."), pp. 5-6.)  Specifically, Plaintiff alleges that Flores and Quimboa were denied overtime compensation despite working more than 40 hours in a one week period.  (Id.)

---

[1] Defendants previously operated a Vive Le Crepe restaurant located at 300 Bleecker Street ("Bleecker Street").  (Shalma Dec., ¶ 7.)  This restaurant was opened in November 2011 and closed on October 28, 2012 due to economic difficulties.  (Id. ¶ 8.)

This argument is without support in the record, however, because Flores and Quimboa are exempt managers.  (Shalma Dec., ¶ 20.)  As a result, they are paid salaries on a weekly basis (id., ¶ 21) and are not entitled to overtime.  Their hours worked are, therefore, plainly irrelevant to this inquiry and their individual job experiences do not support Plaintiff's motion.

Plaintiff's reliance on Keith Whitney's hours worked and remuneration received is equally misplaced.  Based on what appears to be a print out of the cash-register-based punch clock that every employee must sign in and out of at the beginning and end of their shift (id. ¶ 16), Plaintiff alleges that Whitney "worked" 43.7 hours during the week ending April 22, 2012, but that he was only paid for 40 hours.  (Pls. Mem., p. 6.)  Plaintiff's analysis is equally faulty here because it fails to account for company-mandated rest breaks of 30 minutes per 6 hour shift and 45 minutes for each shift exceeding 8 hours.  (Shalma Dec., ¶ 17.)  Thus, even assuming, *arguendo*, that Whitney punched in exactly when he arrived and punched out exactly when he left, he only "worked" 39.95 hours during the week ending April 22, 2012, and not 43.7 hours, as Plaintiff alleges.  (Shaffin Dec., Ex. 6: [(8.46 - .75) + (8.71 - .75) + (9.23 - .75) + (8.62 - .75) + 8.68 - .75) = 39.95].)  Whitney was paid for 40 hours of work for that week and, as a result, he was paid in compliance with Vive Le Crepe's policies and the FLSA.

Plaintiff further stretches his argument by indicating that John Westpfal was scheduled to work 45 hours during the week ending February 12, 2012, but that he was only paid for 40 hours.  (Pls. Mem., p. 6)  First, like his analysis of Whitney, Plaintiff has failed to account for unpaid rest breaks, which reduce the "scheduled" hours to 42 hours.  Second, there is no evidence that Westpfal actually "worked" 42 hours or, for that matter, any hours during the week ending February 12.  An employee's scheduled hours and actual hours worked are not the same concept and Defendants are only obligated to pay for actual hours *worked*, not scheduled hours.  In this regard, Plaintiff's failure to produce a cash-register-based punch clock print out for Westpfal is

telling.  Third, Defendants are also not obligated to compensate employees for activities that are postliminary to principal activity and work must be "integral and indispensable to an employee's principal activity" -- here, making crepes -- to be legally compensable.  Plaintiff fails to even allege whether any of the time for which he seeks redress and for which he seeks to represent a putative class of plaintiffs was postliminary or even integral and indispensable to their crepe-making duties -- all of which would, in any event, necessarily require an individualized employee-by-employee analysis.  And, the only record evidence is that Westpfal was paid for 40 hours of work during the week ending February 12, 2012.  (Pls. Mem., p. 6.)

Finally, Plaintiff's allegation that he was scheduled to work 63 hours during the week ending March 11, 2012, but that he was only paid for 56 hours of that time at his regular rate of $8.75 per hour (Pls. Mem., pp. 4-5), defies logic.  Even if Plaintiff clocked in and out for a total of 63 hours for the week ending March 11, he would only have "worked" 58 hours due to the 30 minute break period for all shifts over 6 hours and 45 minute break period for all shifts over 8 hours.  (Shalma Dec., ¶ 17.)  The record evidence demonstrates, however, that Plaintiff was twice paid for 28 hours for the week ending March 11, 2012.  (Pls. Mem., p. 5.)  The likely explanation here is that Plaintiff has identified an error in Defendants' scheduling and pay data such that he worked only 28 hours during the week ending March 11 and was erroneously paid twice for that time.  More significantly, such errors -- to the extent additional similar errors exist, which Defendants' deny -- are further support for denying Plaintiff's motion as they are purely subjective, individualized, and not suitable for collective treatment.  Indeed, if Plaintiff did in fact work 58 hours, but was paid for only 56 hours at his regular rate, there is no evidence and Plaintiff does not even allege that any other current or former employee was subjected to the same or similar error, thereby undermining his collective certification motion.

**D.      Crepe Makers Are Paid For All Hours Worked**

Aside from the one plausible example provided by Plaintiff which, in any event, is based on his own individualized experience and does not support conditional certification, the record evidence demonstrates irrefutably that Crepe Makers are paid for all hours worked.  For example:

- Crepe Maker Franklin Bonilla was paid for 40 hours at his regular rate and 4.4 hours at the premium overtime rate on his check dated August 9, 2012 and for 40 hours at his regular rate and 8 hours at the premium overtime rate on his check dated August 30, 2012.  (Shalma Dec., ¶ 22.)

- Crepe Maker Kim Tolentino was paid for 40 hours at her regular rate and 11 hours at the premium overtime rate on her check dated August 16, 2012 and for 40 hours at her regular rate and 3 hours at the premium overtime rate on her check dated August 23, 2012.  (Id.)

- Crepe Maker Jesse Demuth was paid for 40 hours at his regular rate and 2 hours at the premium overtime rate on his check dated August 16, 2012 and for 40 hours at his regular rate and 9 hours at the premium overtime rate on his check dated August 30, 2012.  (Id.)

- Crepe Maker Peter Clarke was paid for 40 hours at his regular rate and 5 hours at the premium overtime rate on his check dated August 23, 2012 and for 40 hours at his regular rate and 1.5 hours at the premium overtime rate on his check dated October 25, 2012.  (Id.)

- Crepe Maker Tom Islam was as paid for 40 hours at his regular rate and 4 hours at the premium overtime rate on his check dated September 20, 2012.  (Id.)

- Crepe Maker Sarai Robles-Mendez was paid for 40 hours at her regular rate and 6 hours at the premium overtime rate on her check dated October 4, 2012.  (Id.)

- Crepe Maker Kemoy R. Callaghan was paid for 40 hours at her regular rate and 3 hours at the premium overtime rate on her check dated November 8, 2012.  (Id.)

- Crepe Maker Jacqueline Plummer was paid for 40 hours at her regular rate and 6 hours at the premium overtime rate on her check dated November 8, 2012.  (Id.)

Notably, Plaintiff states in his declaration that, in addition to other employees, Sarai Robles-Mendez, Kim Tolentino, Peter Clarke and Jesse Demuth -- all of whom, as demonstrated above, received overtime -- "told" him that "they were not paid overtime when they worked in

excess of forty hours per workweek."  (Plaintiff's Dec. ¶ 7.)  Plaintiff's declaration therefore

holds not water because it directly contradicts the record evidence.  Conditional certification

cannot rest on such anecdotal and, in this case, patently false hearsay.

### III.  ARGUMENT

**A.  Applicable Standard**

Conditional certification of a collective action is not the rubber stamp that Plaintiff

suggests it is.  Rather, before subjecting an employer to the significant and costly burdens of a

collective action, even at the preliminary notice stage, Plaintiff must demonstrate that he and

the class of putative plaintiffs he seeks to represent "together were victims of a common policy

or plan that violated the law."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (citing

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).  To satisfy this standard,

Plaintiff must, at a minimum, make specific factual allegations, supported by affidavits or other

evidence, sufficient to establish that the putative class members are similarly situated and desire

to participate in the lawsuit.  29 U.S.C. § 216(b).  While Plaintiff's burden of proof is modest, "it

is not non-existent -- 'certification is not automatic.'"  *Romero v. H.B. Auto. Group, Inc.*, No. 11-

CV-386 (CM), 2012 U.S. Dist. LEXIS 61151, at *27  (S.D.N.Y. May 1, 2012) (citing *Raniere v.

Citigroup Inc.*, No. 11-CV-2448 (RWS), 2011 U.S. Dist. LEXIS 135393, at *23  (S.D.N.Y. Nov.

22, 2011); *Khan v. Airport Mgmt Servs., LLC*, No. 10-CV-7735, 2011 U.S. Dist. LEXIS 133134,

at *5 (S.D.N.Y. Nov. 16, 2011) (same); *see also Jenkins v. TJX Cos.,* 853 F. Supp. 2d 317, at

*322 (E.D.N.Y. 2012) (even at the preliminary stage, the Court must find "some identifiable

factual nexus which binds the named plaintiffs and potential class members together as victims"

of a particular practice) (internal citations omitted).

**B.      Conditional Certification Is Inappropriate**

**1.      Conclusory Allegations And Anecdotal Hearsay Are Insufficient Evidence Of A Common Unlawful Policy**

There has been no showing by any form of evidence that the putative class were victims of a common policy or plan that violated the law.  In fact, Plaintiff appears to rely only on the conclusory allegations set forth in his Complaint and anecdotal hearsay in his declaration -- all of which are directly contradictory to Defendants' business records -- in support of conditional certification.  Thus, there cannot be -- nor was there -- a common policy or plan that violated the FLSA and Plaintiff's "evidence" is wholly insufficient to support an award of conditional certification.  *See Myers*, 624 F.3d at 555; *see also Mendoza v. Casa de Cambio Delgado*, No. 07-CV-2579(HB), 2008 U.S. Dist. LEXIS 27519, at *4 (S.D.N.Y. Apr. 7, 2008) ("[C]onclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action.") (internal citations omitted); *Prizmic v. Armour, Inc.*, No. 05-CV-2503(DLI), 2006 U.S. Dist. LEXIS 42627, at *7-8 (E.D.N.Y. June 12, 2006) (denying conditional certification where plaintiff made "only general allegations in his complaint" and failed to submit "any evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law"); *Barfield v. New York City Health & Hosp. Corp.*, No. CV 05-6319, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying conditional certification under § 216(b) where plaintiffs relied on "anecdotal hearsay" to suggest widespread practice of working in excess of forty hours per week without overtime pay), *aff'd*, 537 F.3d 132 (2d Cir. 2008); *Levinson v. Primedia Inc.*, No. 02-CV-2222 (CBM), 2003 U.S. Dist. LEXIS 20010, at *5 (S.D.N.Y. Nov. 6, 2003) (denying motion to notify class where plaintiffs "failed to make a sufficient showing" of specific improper treatment of others); *see also Harrison v. McDonald's Corp.*, 411 F. Supp. 862, 865 (S.D.

8

Ohio 2005) ("[O]nly admissible evidence may be considered in connection with a § 216(b)

motion.") (*citing Richards v. Computer Sci. Corp.*, No. 3-03-CV-00630, 2004 WL 2211691, at

*1 (D. Conn. Sept. 28, 2004)).

**2.      Plaintiff Fails to Establish That He Is Similarly Situated To The Putative
         Class Members He Seeks to Represent**

Even assuming, *arguendo*, that Plaintiff worked hours over forty hours per week for

which he was not compensated at the premium overtime rate -- which Defendants deny -- his

circumstances are unique to him.  More specifically, Plaintiff normally worked at only one of the

four restaurants and sometimes, at two restaurants during a given week.  (Shalma Dec., ¶ 14.)

Each of these restaurants has a separate corporate structure, different employees and different

management staff.  (Id. ¶ 10.)  Likewise, each of the Crepe Makers that Plaintiff seeks to

represent work different hours; some are full time, some are part time, some only work for a few

months in the summer and never return, others work for longer periods of time, and some

demonstrate initiative and dedication and are promoted to non-exempt management positions.

(Id. ¶ 18.)  And, there is sufficient evidence to demonstrate that when Crepe Makers work over

forty hours, they are compensated at the premium overtime rate.  Accordingly, individualized

circumstances not only exist between and within each restaurant with regard to the alleged

performance of work and payment for such time, but also between each employee.  Numerous

courts have denied conditional certification under similar circumstances.  *See, e.g.*, *Diaz v.

Electronic Boutique of America, Inc.,* No. 04-CV-0840E, 2005 U.S. Dist. LEXIS 30382, at

*16 (W.D.N.Y. Oct. 17, 2005) (denying certification where employees' off-the-clock claim

did not involve regularly scheduled time that was worked uniformly by all members of the

class); *Williams v. Accredited Home Lenders, Inc*., No. 05-CV-1681, 2006 WL 2085312, at *4

(N.D. Ga. July 25, 2006) (denying certification because "there must be a fact-specific,

individualized inquiry into each Plaintiff's day-to-day activities" to determine whether off-the-clock violations existed); *Forney v. TTX Co.*, No. CV. A. 05-C-6257, 2006 WL 1030194, at *3 (N.D. Ill. Apr. 17, 2006) (conditional certification denied where individualized, fact-intensive determinations were required); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1271-72 (M.D. Ala. 2004) (where court is required to conduct individualized analysis of multiple claims, a case is unsuitable for collective action treatment); *McElmurry v. US Bank Nat'l Ass'n*, No. 04-CV-642-HU, 2004 WL 1675925, at *16 (D. Or. July 27, 2004) (finding that "determination in terms of actual wage loss requires individual employee-by-employee, time sheet-by-time sheet inquiries which are inconsistent with a collective action's goal of promoting judicial efficiency."); *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1104 (M.D. Ala. 2003) ("[T]he mere fact that violations occurred cannot be enough to establish similarity, as that would not ultimately be sufficient to establish a pattern and practice without a showing that the violations were more than sporadic occurrences."); *Pfaahler v. Consultants for Architects, Inc.*, No. 99-CV-6700, 2000 U.S. Dist. LEXIS 1772, at *9 (N.D. Ill. Feb. 11, 2000) (same).

Along the same lines, the putative class, as proposed by Plaintiff, includes exempt employees such as Rogelio Flores and Frederick Quimboa (Shalma Dec., ¶ 20), thereby further undermining Plaintiff's motion.  *See, e.g, Romero v. H.B. Auto. Group, Inc.*, No. 11-CV-386 (CM), 2012 U.S. Dist. LEXIS 61151, at *32  (S.D.N.Y. May 1, 2012) ("Where a collective action contains  a mix of employees, some of whom are classified exempt from the FLSA's requirements, and some of whom are classified as non-exempt, there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate.")(internal citations omitted); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 496-977 (D.N.J. 2000) (denying notice and conditional certification where named plaintiffs were not similarly situated to the opt-in plaintiffs such that the case could proceed as a

collective action).  Although this Court need not reach a conclusive determination with respect to whether a class of similarly-situated plaintiffs exists at this stage, the court must nevertheless have, at a minimum, sufficient evidence to make a meaningful decision that the potential members are similarly situated.  Not so here.

In sum, the defenses that the Defendants will present in this case, and which they must be permitted to litigate as a matter of due process, will differ depending on the plaintiff and the type of duties that he claims to have performed.  As a result, conditional certification is inappropriate.

### 3.    The Putative Class of Crepe Makers Rarely Worked More Than 40 Hours In Any Work Week

A review of the records in this case reveals that few, if any, of the current and former employees that Plaintiff seeks to represent worked more than 40 hours in any work week.  And, where an employee worked more than 40 hours in any work week, he was properly compensated for that time.  (Shalma Dec., ¶ 19.)  Moreover, to the extent the time-clock system may reflect time for which that employee was not compensated, Vive Le Crepe is not obligated to compensate employees for activities that are postliminary to principal activity, 29 U.S.C. § 254(a)(2), and work must be "integral and indispensable" to an employee's principal activity to be legally compensable.  *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011*)* (dismissing complaint asserting "broad, generic and unspecific" characterizations of alleged postliminary activities that do not adequately demonstrate that they were "integral and indispensable" to the principal activity so as to render them compensable"); *Reich v. N.Y. City Transit Auth.,* 45 F.3d 646, 653 (2d Cir. 1995) (holding that postliminary work was *de minimis* and not compensable).  Plaintiff fails to adequately allege whether any of the time for which he seeks redress was postliminary or even integral and indispensable to his crepe-making duties.

      **a.**     **Any Unpaid Time Was *De Minimis*.**

Likewise, even time spent on principal activities is not compensable if it is *de minimis.*
*See Singh v. City of N.Y.,* 524 F.3d 361, 371 (2d Cir. 2008) ("It is only when an employee is
required to give up a substantial measure of his time and effort that compensable working time is
involved"). Thus, even assuming that Plaintiff or a putative class member worked time for which
they were not compensated, that work was *de minimis*, and not compensable under the FLSA
because insubstantial or insignificant periods of time beyond an employee's scheduled working
hours that cannot be recorded for payroll purposes as a practical administrative matter may be
disregarded. *Reich*, 45 F.3d at 652; *Singh*, 418 F. Supp. 2d 390 at 400 (S.D.N.Y. 2005) (because
there was no "reliable" way of recording the extra time plaintiffs purportedly expended, and in
view of the "substantial administrative difficulty" the city would face "monitoring and recording
such activity," the off-the-clock time was *de minimis*), *aff'd,* 524 F.3d 361 (2d Cir. 2008).
Conditional certification is therefore inappropriate.

      **4.**     **There Is No Evidence That The Putative Class Is Likely To Assert Similar
Claims**

Defendants have been made aware by numerous current employees that Plaintiff has
called them and asked them to opt into this action.  (Shalma Dec., ¶ 23.)  Although Defendants
do not wish to reveal the names of these employees, it is significant that, to date and in the six
months during which this case has been pending, there has not been one single opt-in other than
Plaintiff.  This alone is reason to deny conditional certification. *See, e.g., Pfohl v. Farmers Ins.
Group*, No. 03-CV-3080 DT (RCx), 2004 U.S. Dist. LEXIS 6447, at *31 (C.D. Cal. Mar. 1,
2004) (denying conditional certification of class in part because plaintiffs had failed to show that
any members of the putative class were likely to assert similar claims); *Horne v. United Servs.
Auto Ass'n*, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003) (holding that before conditionally

certifying an FLSA collective action, "the court must at least satisfy itself that there are other persons who are similarly situated *and who desire to opt into this case*") (emphasis added) (citing *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519-20 (D. Md. 2000) (plaintiffs are required to make preliminary factual showing that similarly-situated group of potential plaintiffs exists).

### 5.   Plaintiff's State Claims Fundamentally Complicate This Action

While Plaintiff is now moving for conditional class certification under the FLSA, management of the FLSA claims are only the tip of the iceberg.  Once Plaintiff's New York claims are added to the mix, a whole new layer of individualized analysis must be undertaken under Federal Rule of Civil Procedure 23.  The Supreme Court's landmark decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) emphatically rejected the previously "minimal" and "permissive" construction of commonality of Rule 23(a)(2), under which merely pleading a list of common *questions* was sufficient.

Plaintiff must now affirmatively adduce convincing proof that *answers* to common questions will resolve issues central to the claims of the class as a whole.  *See Wal-Mart Inc. v. Dukes* at 2551.  Thus, Plaintiff can no longer meet his burden simply by reciting general allegations of commonality, nor can he meet his burden simply by alleging that all putative class members "suffered a violation of the same provision of law."  *Id.*  Instead, a "common question" is one that depends on a common contention whose determined truth or falsity "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*  Accordingly, whether something constitutes a legally cognizable "common question" requires a searching inquiry as to whether there exists an answer that will "drive the resolution" of the class-wide litigation.  *Id.*  If not, then the alleged common question is immaterial to certification.  *Id.*

*Dukes* also makes clear that consideration of the merits is often necessary and that dissimilarities within a proposed class defeat certification.  Specifically, the *Dukes* Court held that:

> [S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."  Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped…Nor is there anything unusual about that consequence: The necessity of touching aspects of the merits in order to resolve preliminary matters, *e.g.*, jurisdiction and venue, is a familiar feature of litigation.

> *See id.* (internal citations and quotations omitted).

Thus, even accepting Plaintiff's allegations as true, which Defendants deny, if he performed work for which he was not paid, then a highly individualized inquiry would be required to determine for each workday for each Crepe Maker, whether that employee worked off-the-clock, what type of work was performed and for what amount of time.  In sum, whether discussing Plaintiff's FLSA claims or the state claims, each member of the putative class would require an individual trial.  Thus, the Court should not embark on conditional class certification when, as is the case here, none of the federal or state issues are susceptible to class certification.

## C.    If Notice Issues, The Parties Should Negotiate The Language

Finally, Plaintiff's proposed notice is impermissibly broad and defective and should be rejected.  *See Gieseke v. First Horizon Home Loan Corp.*, No. 04-CV-2511 (CM), 2006 WL 2919076, at *1 (D. Kan. Oct. 11, 2006) (citing *Heitmann v. City of Chicago*, No. 04-CV-3304, 2004 WL 1718420, at *3 (N.D. Ill. Jul. 30, 2004) ("The Court has both the power and the duty to ensure that the notice is fair and accurate").  More specifically, Plaintiff's proposed notice is factually and legally flawed because it will mislead recipients.  It precludes informed consent

because it improperly suggests court endorsement and fails to advise putative plaintiffs of their obligations to participate in discovery.  Moreover, it seemingly intentionally blurs the significant distinction between Rule 23 certification and §216(b) conditional certification, implying that by virtue of opting-in, delivery persons are *ipso facto* entitled to overtime pay and that by doing nothing and failing to opt-in they may jeopardize their rights, both of which statements are factually and legally inaccurate.

Should the Court rule in favor of Plaintiff -- which it should not -- Defendants respectfully request thirty days to negotiate an appropriate, accurate notice -- a practice widely used in FLSA collective actions, where notice be authorized.  *See, e.g., Fengler v. Crouse Health Found., Inc.,* 595 F. Supp. 2d 189, 199 (N.D.N.Y. 2009).  Should these efforts fail, Defendants propose that opposing counsel cross-file proposed notice forms from which the Court will determine an appropriate notice.  *See, e.g., Hinterberger v. Catholic Health System,* No. 08-CV-380S, 2009 WL 3464134, at *11-12 (W.D.N.Y, Oct. 21, 2009.)

## IV.  CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiff's Motion for Conditional Certification.

Dated: New York, New York
      November 30, 2012

          SEYFARTH SHAW LLP

          By:   s/Jeremi L. Chylinski
                Jeremi L. Chylinski

          620 Eighth Avenue, 32nd Floor
          New York, New York  10018
          Phone:  (212) 218-5500
          Fax:  (212) 218-5526

          *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2012, I caused to be served a true and correct copy of the foregoing Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion For Conditional Certification and the Declaration of Marco Shalma, with Exhibit A thereto, via ECF on the following counsel for Plaintiff:

Shaffin A. Datoo
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
(212) 257-6800
sdatoo@thompsonwigdor.com
*Attorneys for Plaintiff*

_____s/_____
Jeremi L. Chylinski