MEMO ENDORSED



# Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**Douglas H. Wigdor**
dwigdor@thompsonwigdor.com

January 28, 2013

**VIA EMAIL**



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1—30-13

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Walker v. VLC Nolita LLC, et al.*
            12 Civ. 3712 [rel. 12 Civ. 3940]

Dear Judge Sullivan:

We represent Plaintiff Kafele Walker in the above-referenced matters, and, regrettably, are forced to write to the Court as a result of Defendants' troubling failure to comply with their discovery obligations.

As Your Honor is aware, on or about December 21, 2012, the parties jointly requested an extension of time to complete discovery. Specifically, the parties informed the Court that, after resolving their discovery disputes without court intervention, the parties agreed to complete paper discovery by January 15, 2013, and as such, requested that the Court extend the deadline to complete depositions to March 11, 2013. On or about December 21, 2012, the Court graciously endorsed the parties' joint application, and extended the deadline to complete discovery to March 11, 2013.

However, while Plaintiff complied with the January 15, 2013 paper discovery deadline and did in fact make a timely discovery production to Defendants, Defendants failed to do so. Moreover, it was not until *January 18, 2013* that Defendants' counsel first informed us that no production was made or would be forthcoming, in part, because of counsel's apparent (and disturbing) inability to get a hold of Defendants. Plaintiff afforded Defendants until January 24, 2013 to cure this deficiency, (*See* Plaintiff's Jan. 22, 2013 Letter to Defendants, enclosed as Exhibit A), but as of the submission of this letter, no production has been made.

As such, despite Plaintiff's diligent efforts to move these cases forward, Defendant's continued discovery dereliction (and sudden disappearance) puts in jeopardy the current March 11, 2013

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Richard J. Sullivan
January 28, 2013
Page 2


deadline to complete discovery.  Without Defendants' full paper discovery production, Plaintiff simply cannot proceed with depositions.  Accordingly, Plaintiff seeks guidance from the Court, and respectfully requests that any and all appropriate relief be granted in favor of Plaintiff and/or against Defendants, up to and including appropriate sanctions.

Thank you for your time and consideration.

Respectfully submitted,

Douglas H. Wigdor

Enclosure

cc:    Jeremi L. Chylinski, Esq. (via email)


Rule 2(G) of the Court's Individual Practices provides that "[u]nless otherwise directed, counsel should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages."  The Rule further warns that "[s]eparate . . . letters will be returned, unread."  As Plaintiff has failed to comply with this Rule, the Court will disregard Plaintiff's letter.


SO ORDERED
Dated:
1/29/13

RICHARD J. SULLIVAN
U.S.D.J.