# SEYFARTH SHAW LLP
### ATTORNEYS

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5257

Writer's e-mail
jchylinski@seyfarth.com


MEMO ENDORSED

January 29, 2013


USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-13

**VIA EMAIL**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Walker v. VLC Nolita LLC, et al., No. 12-CV-3712

Dear Judge Sullivan:

This firm represents defendants VLC Nolita LLC, VLC Union Square, LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, Carlos Mier Y Teran ("Defendants") in the above-referenced case. We write in response to Plaintiff's letter of January 28, 2013 and to correct certain factual inaccuracies therein.

First, Defendants have not "disappeared" nor has defense counsel been unable to "get a hold of" Defendants. On the contrary, due to an internal email firewall issue, defense counsel was not receiving emails from Defendants. That issue has been resolved and will not pose a problem going forward.

Second, when defense counsel spoke with Tanvir Rahman, counsel for Plaintiff, on January 18, 2013 regarding supplemental document production, Mr. Rahman was made aware that a supplemental production would be made, but that counsel required additional time to speak with their clients and prepare a production. Counsel for Defendants never informed Mr. Rahman that a production "would [not] be forthcoming" and any allegation to the contrary is disingenuous.

Third, like Plaintiff, Defendants are also keen to move this case forward and, as a result, have provided defense counsel with additional documents that will be produced to Plaintiff in a supplemental document production on or before February 4, 2013. This production, which consists mainly of documents regarding the putative class and not Plaintiff, Defendants, or any of the five members of management for whom Plaintiff has served notices of deposition, will not affect deposition scheduling given that Plaintiff will be deposed first, his motion for conditional certification is still pending -- thereby rendering moot the need to depose any members of the

LONDON  WASHINGTON D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA



Honorable Richard J. Sullivan.
January 29, 2013
Page 2

putative class -- and the five members of management are available to be deposed at a mutually convenient time.

Finally, we apologize for burdening the Court with what amounts to a misunderstanding and hope that, going forward, the parties can work together without Court intervention to advance this case.

Respectfully submitted,

SEYFARTH SHAW LLP

Jeremi Chylinski

cc: Doug Wigdor, Esq.
Tanvir Rahman, Esq.

---

As the Court noted in response to Plaintiff's letter dated January 28, 2013, Rule 2(G) of the Court's Individual Practices requires parties to address discovery disputes in a single joint letter and warns that "[s]eparate and successive letters will be returned, unread." The purpose of this rule is to prevent precisely the back-and-forth in which the parties in this matter are now engaged. Accordingly, the Court will also disregard Defendants' letter. If the parties remain in dispute over discovery, they may seek the Court's intervention in a manner that complies with Rule 2(G).

SO ORDERED
Dated: 1/29/13

RICHARD J. SULLIVAN
U.S.D.J.